**NOT FOR PUBLICATION**                                                    **[11]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| _____ : | |
| E.R. HOUSE,                : | Civil Action No. 05-3811 (FLW) |
|                            : | |
|            Plaintiff,      : | **MEMORANDUM OPINION** |
|                            : | |
|     v.                     : | |
|                            : | |
| H.U.D., LENA MITCHELL, SAM : | |
| WADE, ROLANDO H. ALVERADO, : | |
| NEW JERSEY DIVISION OF     : | |
| CIVIL RIGHTS, ELIZABETH M. : | |
| RUSSIAN, SUSAN PALETTA,    : | |
|                            : | |
|            Defendants.     : | |
| _____ : | |

**WOLFSON, District Judge**

Plaintiff E.R. House[1], proceeding pro se, filed a complaint against the Defendants on

August 18, 2005.  The Defendants in this matter can be categorized into two groups:

a)    the federal defendants, which include "H.U.D", assumed to mean the Department

of Housing and Urban Development ("HUD"), and the following three HUD

employees: Lena Mitchell, Sam Wade and Rolando H. Alvarado[2] (the " HUD

employees") (HUD and the HUD employees collectively referred to herein as the

"federal Defendants"); and

b)    the State defendants, which include the New Jersey Division of Civil Rights

---

[1]    The caption in Plaintiff's complaint lists "E.R. House et al." as plaintiffs in this action, however, aside from a general reference to her family in the complaint, Plaintiff does not identify any other individual. Furthermore, Plaintiff is proceeding pro se and may not file a complaint on behalf of another party.

[2]    Rolando H. Alvarado was incorrectly pled as Alverado.

("NJDCR") and the following two NJDCR employees: Elizabeth M. Russian and Susan Paletta (the "NJDCR employees") (NJDCR and the NJDCR employees collectively referred to herein as the "State Defendants").[3]

Before the Court is the motion filed by the federal Defendants to dismiss the Plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6). Alternatively, the federal Defendants seek summary judgment, pursuant to Fed. R. Civ. P. 56(c), on Plaintiff's claims against them. Plaintiff alleges that the Defendants named in this action committed unspecified "Civil Rights Violations."

The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, I find that Plaintiff's complaint against HUD and the HUD employees in their official capacities should be dismissed with prejudice. Plaintiff's complaint against the HUD employees in their individual capacities is dismissed without prejudice and Plaintiff shall be afforded a thirty (30) day period within which to amend the complaint as to those HUD employees and shall effectuate adequate service upon them within twenty (20) days thereafter.

## I. Background

This action arises out of Plaintiff's attempt to purchase a town home through Mount Laurel Township's affordable housing program.[4] On March 17, 2005, following Plaintiff's failed attempt to purchase a town home in a housing development identified as Rancocas Pointe,

---

[3]        The Court does not address the claims against the State Defendants, as it does not appear from the docket that they have received timely and effective service of process. Instead, the Court has issued a separate order to show cause to provide Plaintiff with the opportunity to demonstrate good cause for her failure to comply with the 120 day service requirement in Fed.R.Civ.P. 4(m).

[4]        The facts regarding Plaintiff's underlying HUD complaint are gleaned from the Determination of No Reasonable Cause issued by HUD upon which Plaintiff's claims are based in the instant matter.

plaintiff timely filed a complaint with HUD alleging violations of Section 804(a)(f) and 804(b)(f) and Section 818 of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act of 1988.  Plaintiff alleged that she was treated differently than other applicants who applied for a home through Mount Laurel Township's affordable housing program and was discriminated against on the basis of race and disability.

Following its investigation, HUD issued a Determination of No Reasonable Cause ("the Determination").  The Determination noted that HUD's investigation revealed that an initial application submitted by Plaintiff's sister and brother-in-law, with some information being completed by Plaintiff as the "Caregiver" for the applicants, was ultimately denied by the developer's mortgage representative on the basis of poor credit history.  According to the Determination, Plaintiff thereafter submitted an application for pre-approval to CitiMortgage solely in her name, using her credit history and the income of her sister and brother-in-law as the means to secure the mortgage pre-approval.  When Plaintiff attempted to use the CitiMortgage pre-approval for Affordable Housing, the Township did not process her request because she failed to supply income verification.

The Determination also noted that the investigation revealed that from January 1, 2003 through April 30, 2005, twenty-five individuals, including minorities, applied, qualified, and were placed on the list for affordable housing through the Township and that 10 minorities, or 40%, were ultimately "accepted for rental/purchase of rental units and/or low and moderate homes."  The Determination further stated that the housing officer alleged to have discriminated against Plaintiff assisted other minority applicants who were purportedly satisfied with the

service provided by Mount Laurel Township.  In sum, HUD found no evidence to support plaintiff's allegations of discrimination.

Thereafter, on August 18, 2005[5], Plaintiff filed the instant complaint against the State and federal Defendants alleging that they "conspired to cover up the blatant violation of her and her families [sic], Civil Rights" by Mt. Laurel Township and the employees named in the original HUD complaint.  Plaintiff alleged that HUD employee Lena Mitchell conducted a "skewed investigation" which led to the Determination of No Reasonable Cause.  Plaintiff further alleged that the NJDCR "dropped her complaint after the Plaintiff informed them that she did not trust Lena Mitchell to conduct a fair and partial[sic] investigation on her part because of statements Ms. Mitchell had made to her during her investigation."  Plaintiff sought relief in the form of punitive and compensatory damages.  Additionally, Plaintiff requested the following relief:

> Restraining Order to be Granted so the
> Defendants Mt. Laurel Township not be able to
> sell all of the units in Rancocas Pointe until this
> case can be heard.  That Mt. Laurel Township
> have to save one of the Units for the Plaintiffs
> until this case can be heard.  The Plaintiff
> further request[sic] that a fair and impartial
> investigation be Ordered into her allegations of
> Civil Rights Violations by the Court.

Plaintiff served the complaint on HUD and the HUD employees, however, she failed to serve the United States Attorney for the District of New Jersey in accordance with Fed.R.Civ.P. 4(i).  In February 2006, Plaintiff sought the entry of "default judgment" against the federal

---

[5]        Plaintiff's complaint and in forma pauperis application were received by the District Court on August 2, 2005, but were not "filed" by the Court until August 18, 2005, when the Court granted her leave to proceed in forma pauperis.

Defendants based upon their failure to respond to the complaint.  By letter dated February 6, 2006, the federal Defendants opposed Plaintiff's request, advising the Court that service on the United States Attorney's Office had not been effected.  Accordingly, the Clerk declined to enter default.

## II.    Standard for Dismissal under Fed.R.Civ.P. 12(b)(6)

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. American Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir.2003) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). The focus of the Court's Rule 12(b)(6) analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway, 325 F.3d at 187.

When a plaintiff is not represented by counsel, however, the Court must be mindful to construe the complaint liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

When a party styles its motion as a motion to dismiss under Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56, and attaches material outside the pleadings to

its motion papers, a court "has the discretion to accept the extraneous material and convert the motion into one for summary judgment." Gunson v. James, 364 F.Supp.2d 455, 460-61 (D.N.J.2005); see also Fed.R.Civ.P. 12(b). However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into a motion for summary judgment. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir.1999) (emphasis and citations omitted).

"[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993)(citations omitted). Consideration of these referenced documents will not require the conversion of a motion to dismiss to one for summary judgment under Fed. R. Civ. P. 12(b)(6). "When a complaint relies on a document . . . the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." Id. at 1196-97. Even if a "[c]omplaint does not explicitly refer to or cite [a document] ... the critical [issue] is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426 (emphasis in original) (citation omitted).

In the instant matter, the federal Defendants attach a copy of the Determination of No Reasonable Cause issued by HUD at the conclusion of its investigation. Because Plaintiff's complaint explicitly references the investigation conducted by Lena Mitchell on behalf of HUD

and "the finding of, 'No Probable Cause', by HUD", and because the Plaintiff's claims are based, at least in part, on the Determination of No Reasonable Cause, the Court finds that consideration of these documents will not require conversion of the motion to dismiss to one for summary judgment.

## III.  ANALYSIS

### A.  Plaintiffs' Claims Against the federal Defendants

In support of the Motion to Dismiss, the federal Defendants contend that Plaintiff is precluded from challenging HUD's No Reasonable Cause Determination under the Fair Housing Act (the "FHA") and the Administrative Procedure Act (the "APA").  The third circuit's recent decision in Turner v. The Secretary of the United States Department of Housing and Urban Development, 449 F.3d 536 (3d Cir. 2006), petition for cert. filed, (U.S. Oct. 30, 2006)(No. 06-703),  is controlling on this issue.

In Turner, the third circuit considered whether judicial review was available to a residential lessee who received a "Determination of No Reasonable Cause" from HUD.   Turner, 449 F.3d at 539-42.  The third circuit concluded that section 704 of the APA precluded judicial review of HUD's determination.  Id. at 540-41.   The third circuit looked to the APA, which "provides that agency actions are judicially reviewable if they are 'made reviewable by statute," or if there was a 'final agency action for which there is no other adequate remedy in court.'" Id. at 539; quoting 5 U.S.C. § 704.  After concluding that HUD's determination was not reviewable pursuant to statute, id. at 540 n. 5, the third circuit held that because section 813 of the FHA, 42 U.S.C. 3613(a)(2), authorizes private suits directly against perpetrators of allegedly discriminatory practices, judicial review of HUD's determination was not available.  Id. at 540-

41.  The third circuit noted that this would be the case even if a plaintiff fails to pursue that remedy.  Id. at 541 n. 8.

The analysis of Plaintiff's claims does not end there, however, because Plaintiff's claims do not appear to be limited to a challenge to HUD's Determination of No Reasonable Cause. Indeed, Plaintiff alleges in her complaint that the federal and State Defendants "conspired to cover up the blatant violation of her and her families [sic], Civil Rights" by Mt. Laurel Township and the employees named in the original HUD complaint.  Although the Plaintiff failed to specifically identify a statutory basis for her claims, the Court will presume for the purposes of this Motion to Dismiss that Plaintiff seeks redress for her conspiracy claims against the federal Defendants under either 42 U.S.C. § 1985 or Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  See Toolasprashad v. Wright, No. 02-5473, 2006 WL 2264885, at *5 (D.N.J. Aug. 8, 2006) ("A claim for conspiracy can be made either under Bivens or 42 U.S.C. § 1985.").

42 U.S.C. § 1985 enables individuals to seek redress for acts done in furtherance of a conspiracy "formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'"  Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006)(quoting 42 U.S.C. § 1985(3).  To state a cause of action under § 1985(3) plaintiff must allege the following:

> a (1) conspiracy (2) motivated by a racial or
> class based discriminatory animus designed to
> deprive, directly or indirectly, any person or
> class of persons . . . [of] equal protection of the
> laws (3) an act in furtherance of a conspiracy
> and (4) an injury to person or property or the

> deprivation of any right or privilege of a citizen
> of the United States.

Toolasprashad v. Wright, 2006 WL 2264885 at *5, (quoting Lake v. Arnold, 112 F.3d 682, 685

(3d Cir. 1997).  Section 1985 "makes actionable conspiracy to violate federal rights, even by

federal officials acting under color of federal law."  Wilson v. Rackmill, 878 F.2d 772, 775

(1989).  Alternatively, to establish a viable Bivens claim, a plaintiff must show "'(1) the

existence of an express or implied agreement among the defendant[s] . . . to deprive him of his

constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.'"

Toolasprashad, 2006 WL 2264885 at *5 (quoting Ting v. U.S., 927 F.2d 1504, 1512 (9th Cir.

1991).

　　　　The federal Defendants argue that Plaintiff has failed to set forth any facts in the

complaint that could support a conspiracy claim.  As they point out, Plaintiff does not allege in

the complaint that she is a member of a particular class.  However, as previously noted, this

Court's review of the Plaintiff's Complaint on the federal Defendants' Motion to Dismiss is not

limited to the complaint itself.  The Court shall also consider the facts contained in the

Determination of No Reasonable Cause referenced in the complaint.  Accordingly, the Court

takes notice of Plaintiff's allegations based upon race, which identifies her as a member of a

discrete class.

　　　　The deficiency in Plaintiff's complaint is in its failure to allege discrimination by these

federal Defendants based on her membership in the identified classes.  Plaintiff alleges only that

Lena Mitchell conducted a "skewed investigation", placed "untrue statements in her report", and

that she did not believe Ms. Mitchell would conduct a fair investigation based upon "statements

Ms. Mitchell personally made to her during the investigation".   There is no indication that the alleged "skewed investigation" by Lena Mitchell was motivated by any racial animus.  Nor are there any allegations relating to the involvement of the other federal Defendants in the alleged conspiracy.  Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim.  However, to the extent that Plaintiff can allege facts relating to a conspiracy on the part of the HUD employees, under either <u>Bivens</u> or 42 U.S.C. § 1985, or more clearly set forth the statutory and factual bases for her claims against them, the Court will allow plaintiff to amend her complaint, subject to <u>Fed.R.Civ.P.</u> 15.  The Court notes, however, that if Plaintiff chooses to amend the complaint, Plaintiff must set forth factual allegations relating to the defendants named in this matter.[6]  Indeed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted).

Given this Court's finding that Plaintiff shall be afforded an opportunity to re-plead her claims against the HUD employees, the Court rejects the federal Defendants' contention that dismissal is warranted on the basis of qualified immunity.  Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

---

[6]      It should be noted that the Court is not suggesting that the facts must be pled with particularity.  Indeed, "[t]he marching orders of the Supreme Court in both <u>Leatherman</u> and <u>Swierkiewicz</u> are clear: the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law."  <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 295 (3d Cir. 2006) (<u>citing</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993) and <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506 (2002).

reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727,

73 L.Ed.2d 396 (1982); Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997); Orsatti v. New

Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).  The qualified immunity inquiry is a two

step process.  First, a court must decide "whether a constitutional right would have been violated

on the facts alleged . . . " Saucier v. Katz, 533 U.S. 194, 200, 11 S.Ct. 2151, 150 L.Ed.2d 272

(2001).  Second, if a court finds that a constitutional violation did occur, it must consider whether

the right was "clearly established."  Id. at 201; see Groh v. Ramirez, 540 U.S. 551, 124 S.Ct.

1284, 157 L.Ed.2d 1068 (2004).  Until such time as the Plaintiff files an amended complaint, the

Court cannot properly evaluate the claims against the individual HUD employees to assess the

applicability of qualified immunity. The Court notes, however, that "the burden of pleading a

qualified immunity defense rests with the defendant, not the plaintiff."  Thomas v. Independence

Twp., 463 F.3d at 293.

     Notwithstanding Plaintiff's right to amend the complaint, the Court finds that to the

extent that Plaintiff seeks monetary damages from HUD and the HUD employees in their official

capacities based on civil rights allegations, the claims are barred by the doctrine of sovereign

immunity.[7]  It is well settled that the federal government and federal agencies are immune from

suit absent a waiver of sovereign immunity.  See e.g., FDIC v. Meyer, 510 U.S. 471, 475, 114

S.Ct. 996, 127 L.Ed.2d 308 (1994) ("It is axiomatic that the United States may not be sued

without its consent and that the existence of consent is a prerequisite for jurisdiction")(citation

---

[7]     While it is true that actions for injunctive relief against federal employees sued in their official capacity are not treated as actions against the agency, Ex parte Young, 209 U.S. 123 (1908), and thus not barred by the doctrine of sovereign immunity, Plaintiff's claim for injunctive relief (i.e., that a restraining order be entered requiring Mount Laurel Township to reserve a town home for Plaintiff pending resolution of this matter) is not a remedy that HUD can provide.

omitted).  The doctrine of sovereign immunity bars direct constitutional actions against federal

agencies as well as constitutional tort actions against federal agencies.  Biase v. Kaplan, 852

F.Supp. 268, 279 (D.N.J. 1994); see Bivens, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619

(1971).  Moreover, sovereign immunity is not defeated by the act of naming officers and

employees of the United States as defendants in a suit that is properly against the United States.

Martin v. Logan, 2006 WL 497103 at *3, No. 05-3729 (D.N.J. Jan. 20, 2006)(citations omitted),

aff'd, 2006 WL 3298350, No. 06-1733 (3d Cir. November 14, 2006).  "A suit against an

individual in his or her official capacity is no different from a suit against that individual's

office."  Christy v. Pennsylvania Turnpike Comm'n, 54 F.3d 1140, 1143, n.3 (3d Cir. 1994).

Thus, dismissal with prejudice against HUD and the HUD employees in their official capacity is

warranted at this juncture.

### B.  Timely and Effective Service of Process

Alternatively, the federal Defendants contend that dismissal of the Plaintiff's claims

against them is warranted based on her failure to timely effect adequate service of process.

Plaintiff has named both HUD and the HUD employees, presumably in their individual

capacities.  Pursuant to Fed.R.Civ.P. 4(i), service upon an agency of the United States requires

delivery of a summons and complaint to the United States Attorney for the district in which the

action is filed, as well as delivery of a summons and complaint, by registered or certified mail,

upon the United States Attorney General.[8]  The same requirement applies when an employee or

---

[8]     Fed. R. Civ. P. 4(i) states in relevant part:

(1) Service upon the United States shall be effected
(A) by delivering a copy of the summons and complaint to the United States attorney for the
district in which the action is brought or to an assistant United States attorney or clerical employee
designated by the United States attorney in a writing filed with the clerk of the court or by sending

agent of a government agency is sued in his or her individual capacity.  See  Fed.R.Civ.P. 4(i)(2)(B).  Fed.R.Civ.P. 4 also sets forth the time period within which service must be made to be effective.  Specifically, the Rule requires a plaintiff to serve a summons and complaint upon the proper defendants within 120 days after filing the complaint.  Fed.R.Civ.P. 4(m).

In this case, the docket shows that Plaintiff has effected service on HUD and the individual HUD employees.  Plaintiff has failed, however, to serve the United States Attorney for the District of New Jersey and the United States Attorney General.  The Court filed Plaintiff's complaint on August 18, 2005.  Therefore, the 120-day period for timely service set forth in Fed.R.Civ.P. 4(m) expired on or around December 16, 2005.  Although Plaintiff has served her complaint on HUD and the individual federal Defendants in this case, such service is ineffective without service upon the United States Attorney.

The Third Circuit "has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m).  First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted.  If good cause has not been shown, however, the court still

---

a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia
...
(2)(A) Service upon an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, employee, agency, or corporation.
...
(3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States....

13

may grant the extension in the sound exercise of its discretion." <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157 F.3d 191, 196 (3d Cir. 1998).

To establish good cause, a plaintiff must demonstrate good faith and some reasonable basis for noncompliance within the time specified by the rules; however, the primary focus at all times must be on the plaintiff's reason (if any) for not complying with <u>Fed. R. Civ. P.</u> 4(m). <u>See MCI Telecommunications Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995), <u>cert. denied</u>, 519 U.S. 815 (1996). A plaintiff's inadvertence cannot constitute good cause, <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1307 (3d Cir. 1995); neither can the potential expiration of a statute of limitations, nor the absence of prejudice to the defendants. <u>MCI</u>, 71 F.3d at 1097-98; <u>Petrucelli</u>, 46 F.3d at 1307 n.11. Further, while a court must liberally construe a <u>pro se</u> plaintiff's pleadings, such a plaintiff is not excused from her obligation to comply with the Federal Rules of Civil Procedure. <u>See, e.g.</u>, <u>Bullock v. United States</u>, 160 F.3d 441, 442 (8th Cir. 1998); <u>Chester v. Green</u>, 120 F.3d 1091 (10th Cir. 1997); <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995); <u>FDIC v. Anchor Properties</u>, 13 F.3d 27, 31 (1st Cir. 1994).

Plaintiff has presented no good faith explanation for her failure to effect timely and proper service in this case. On February 6, 2006, in response to Plaintiff's Request for Default, counsel for the federal Defendants advised that service on the United States Attorney's Office had not been effected. Since that time, Plaintiff has taken no steps to effect proper service. In response to the instant Motion to Dismiss, Plaintiff focuses on the failure of the Clerk to enter default following her request, expressing confusion as to why default has not been entered. Clearly Plaintiff does not appreciate the requirement under <u>Fed.R.Civ.P.</u> 4(i) to serve the United States Attorney's Office. However, particularly after having been informed of such

14

requirements, ignorance of the requirements of the Federal Rules of Civil Procedure is not a good

faith basis to relax these requirements.  Accordingly, I find that good cause has not been shown.

Nevertheless, the Court will exercise its discretion and allow Plaintiff an extension of

time to properly serve the federal Defendants with the amended complaint, if such a complaint is

filed.  There is simply no indication here that the federal Defendants have been prejudiced by

Plaintiff's failure to effect timely and adequate service, especially in light of the fact that the

original complaint is being dismissed against them.  "When considering prejudice in the context

of exercising the Court's discretion, prejudice 'involves impairment of defendant's ability to

defend on the merits, rather than foregoing such a procedural or technical advantage.'" Shore v.

Henderson, 168 F.Supp.2d 428, 431 (E.D.Pa. 2001)(quoting Boley v. Kaymark, 123 F.3d 756,

759 (3d Cir. 1997)).   Moreover, "actual notice to a defendant that an action was filed militates

against a finding of prejudice."  Id.  In light of the service upon HUD and the individual HUD

employees, I do not find that the federal Defendants have suffered prejudice as a result of

Plaintiff's failure to serve the U.S. Attorney and the Attorney General.  Given the preference for

resolving cases on the merits, this Court will exercise its discretion to permit the Plaintiff to

properly serve the federal Defendants with her amended complaint within twenty (20) days after

the filing of that amended complaint.

## C.  Application for Pro Bono Counsel

While Plaintiff has not formally petitioned the Court for appointment of counsel, in

opposition to the instant Motion to Dismiss Plaintiff has informally requested that counsel be

appointed to help her in this matter.  Because appointment of counsel may be made at any point

during the litigation or by a court *sua sponte*, Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993),

cert. denied, 510 U.S. 1196 (1994), the Court will address Plaintiff's informal request.

The appointment of counsel under 28 U.S.C. § 1915(e) is a privilege, not a statutory or

constitutional right, Purnell v. Lopez, 903 F.Supp. 863, 864 (E.D. Pa 1995), and within a court's

sole discretion.  Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); see also Tabron, 6 F.3d at

155.  In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have
> some merit in fact and law.  (Citation omitted).  If the
> district court determines that the plaintiff's claim has
> some merit, then the district court should consider the
> following factors:
>
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be
> necessary and the ability of the plaintiff to pursue such
> investigation;
> (4) the amount a case is likely to turn on credibility
> determinations;
> (5) whether the case will require testimony of expert
> witnesses;
> (6) whether the plaintiff can attain and afford counsel on
> his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  The list of factors is not

exhaustive, nor is any single factor determinative.  Tabron 6 F.3d at 157.  The factors ensure that

courts will only appoint counsel in non-frivolous matters.  Courts must exercise care in

appointing counsel because volunteer lawyer time is a precious commodity and should not be

wasted on frivolous cases.  Id.

Analysis of the foregoing factors reveals that appointment of counsel is not appropriate at

this juncture.  First, based upon the Court's legal determinations on this Motion, the Court has

16

found that Plaintiff's claims, as pled, do not have merit.  Furthermore, Plaintiff has not alleged

that she has a limited understanding of and or ability with the English language.  Moreover, the

legal issues in this matter are not complex, nor is the case factually complex.  There does not

appear to be any need for extensive discovery, or the testimony of expert witnesses.  It appears

that Plaintiff's indigence is the only factor that may favor appointment of counsel at this time.

However, on this factor alone, the Court finds no compelling reason to justify the appointment of

counsel particularly here where Plaintiff has demonstrated no attempt to retain counsel

independently, or by contacting legal services.  The fact that Plaintiff has made no effort to retain

independent counsel is especially troubling here where the possibility exists, if her claims indeed

have merit, to obtain representation on a contingent or fee shifting basis.  Because Plaintiff has

not demonstrated sufficient facts that would compel the appointment of counsel in the interests

of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel to

Plaintiff at this time.

### III.  Conclusion

For the foregoing reasons, the Motion to Dismiss is granted as to HUD and the HUD

employees.  Plaintiff is given thirty (30) days from the date of entry of the Order accompanying

this Opinion to amend the complaint as to the HUD employees only in their individual capacity

and to effect proper service on these HUD employees within twenty (20) days thereafter.

Alternatively, in light of Plaintiff's statement in her opposition papers that it was her intent to

"withdraw her Complaint" in the event counsel is not appointed in this matter and default

judgment is not entered, the Plaintiff shall notify the Court within thirty (30) days if it is indeed

17

her intent not to pursue her claims against the federal and State Defendants so that the case may

be dismissed with prejudice as to all defendants.  An appropriate form of order is filed herewith.


                                                     ___ /s/ Freda L. Wolfson     
                                                  Honorable Freda L. Wolfson
                                                  United States District Judge

Dated: December 20, 2006